Natale Luppinazzo
vs.
General Baking Company

Law N. 1201

RESCRIPT
June 25, 1927

SUMNER, J.  Plaintiff has brought suit to recover damages for personal injuries and injuries to his truck which he claims to have suffered as the result of the negligence of the defendant. The jury returned a verdict for the plaintiff in the sum of $1200 and defendant has filed his motion for a new trial.

The plaintiff claims that he was proceeding in his truck, his son Joseph driving it along the state highway in Wyoming; that he turned around a curve going southerly and was keeping on the right side of the road when the defendant's truck suddenly appeared from behind a load of wood, which was packed on the plaintiff's left side, and ran into the plaintiff's truck filled with vegetables. He

claimed that the left front end of his truck came in contact with the left front end of the defendant's truck.

Plaintiff's son claimed that the defendant's truck pushed the plaintiff's truck over into the center of the road and that both trucks were about in the center of the road after the accident.

The driver of the defendant's truck testified that he came out from behind the rear of the truck loaded with wood, passed it and turned to his right to go to a nearby store, when the plaintiff, whose truck was in the middle of the road, turned suddently to his left and the collision ensued.

It is diffcult to understand why the driver of the plaintiff's truck did not see the defendant's truck before. He would have a glancing view of it as he came around the curve and if he had been on his right side of the road, he should have seen it before. It seems to the Court that he came around the curve at a fast rate of speed, clung to the center of the road, and did not look until it was too late.

The only witnesses for the plaintiff are his son and himself, and the plaintiff admitted in cross-examination that both cars were in the dirt on the easterly side of the road after the accident. Curiously enough, one Clark, who was sitting under an elm tree a quarter of a mile away, heard the crash, came down to the scene of the accident and took four photographs of it, and an inspection of those photographs is more convincing than the testimony. They clearly show that the collision took place on the defendant's right side of the road, either in the dirt or not far from it. Moran, an automobile mechanic and a witness for the plaintiff, says that the plaintiff's truck received a glancing blow on its left front and how that was given is indicated by the photographs of the two cars. One Fuller, a witness for the plaintiff, claims that he took measurments of some marks on the plaintiff's right

side of the road which might seem to indicate that plaintiff was on that side when he was struck, but the witness says that the two cars came across the road on the plaintiff's left side and almost struck the piazza of Sullivan's store.

Defendant was corroborated by a Mrs. Boss and a Mr. and Mrs Auger. The Augers contradicted themselves in cross-examination and to some extent impaired the value of their testimony.

The plaintiff's son Joseph, who was the main witness for the plaintiff, claimed that the defendant's car pushed plaintiff's car into the center of the road, meaning toward his left, although how that could happen, when the two cars collided at left front parts, is not clear.

The testimony seems to predominate strongly for the defendant and defendant's motio nfor a new trial is granted.